IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY PABLO,

Petitioner,

No. CIV S-07-2186 FCD EFB P

vs.

SACRAMENTO COUNTY DISTRICT ATTORNEY'S OFFICE, et al.,

Respondents.

ORDER AND FINDINGS AND RECOMMENDATIONS

_______________________________/

Anthony Pablo, a pretrial detainee without counsel, has filed a civil rights complaint. He also has filed a request for leave to proceed *in forma pauperis*. Examination of the *in forma pauperis* affidavit reveals that he is unable to afford the costs of suit.

For the reasons explained below, the court construes the complaint as a petition for a writ of habeas corpus, and recommends that the action be dismissed.

In the pleading, petitioner alleges that he "was dismissed from Hon. Cheryl Chun Meegan Judge Department." As relief, he requests that the criminal charges against him be dropped, that he be awarded monetary damages and that he be released from jail. In order to discern the nature of petitioner's claims, the court has reviewed the transcripts of state court proceedings and the decisions of the state courts that the petitioner submitted in support of his compliant. It appears from these documents that in January of 2006, the petitioner was charged

with possession of methamphetamine for sale and the transportation of methamphetamine. *See* Cal. Health & Safety Code §§ 11378, 11379(a). After his attorney successfully moved to suppress inculpatory evidence crucial to the prosecution, the prosecutor voluntarily dismissed the action and then re-filed the charges. *See* Cal. Penal Code 1538.5. Again, petitioner's counsel moved to suppress the same inculpatory evidence, but this time the state prevailed. Petitioner, through counsel, sought review in the state appellate and supreme courts, but was denied relief. Accordingly, it appears that he remains in jail and must defend against the charges.

Habeas corpus is the sole remedy for a prisoner challenging the fact or duration of his confinement and seeking immediate or speedier release from custody. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). An action under 42 U.S.C. § 1983 is the remedy for allegedly unconstitutional conditions of confinement. *See Nelson v. Campbell*, 541 U.S. 637, 643-44 (2004); *Preiser*, 411 U.S. at 498-99. Where a prisoner's civil rights complaint evinces a clear intention to state a habeas claim, the district court should treat it as a habeas petition. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Petitioner does not complain about the conditions of confinement; rather, he challenges the fact of it. However, he seeks both monetary damages and release. Because the allegations are related solely to the fact of his confinement, the court construes the pleading as a petition for a writ of habeas corpus.

A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A federal court may issue a writ of habeas corpus on the ground that a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States . . ." 28 U.S.C. § 2241.[1] Having reviewed the petition, the court finds that it cannot

[1] Although petitioner is in custody under the authority of a state, it appears that petitioner is a pretrial detainee. Thus, there is no judgment. Accordingly, 28 U.S.C. § 2254, applicable to

entertain the petition for two reasons. First, petitioner does not allege that his custody violates any federal right. Without any such allegation, the court cannot grant relief under section 2241. Given the allegations outlined above, this ground for dismissal requires no further elaboration. Second, the court finds that it must abstain from exercising jurisdiction. It is this ground that the court discusses in detail.

It long has been the law that a federal court will not enjoin a pending state court criminal prosecution except under extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 46 (1971). A federal court should abstain from exercising jurisdiction where there are ongoing state proceedings that implicate an important state interest and in which there is adequate opportunity to raise federal questions. *Goldie's Bookstore, Inc. v. Superior Court of California*, 739 F.2d 466, 469 (9th Cir. 1984). Here, it appears from the record that state court proceedings are ongoing. Petitioner faces charges that he violated California's statutes criminalizing the possession for sale and the transportation of methamphetamine. Cal. Health and Safety Code §§ 11378, 11379(a). California's interest in enforcing its criminal laws is unquestionable. *See Engle v. Issac*, 456 U.S. 107, 128 (1982) ("Federal intrusions into state criminal trials frustrate both the States' sovereign power to punish offenders and their good-faith attempts to honor constitutional rights."). Petitioner makes no showing that he is in any way precluded from making a record adequate to preserve any federal claims he might have. Thus, any "injury that [petitioner] faces is solely that incidental to every criminal proceeding brought lawfully and in good faith." *Younger*, 401 U.S. at 49. Insofar as petitioner believes that the state statute permitting the state to pursue the prosecution as it has violates his federal rights, he can make his arguments in the state courts in the first instance. *See Younger*, 401 U.S. at 44 (abstention doctrine is borne of comity, the notion that the country "will fare best if the States . . . are left free to perform their

---

prisoners in custody pursuant to the judgment of a state court, does not apply.

separate functions in their separate ways."). The court finds that abstention is appropriate. This action must be dismissed.

Accordingly, it is ORDERED that the request for leave to proceed *in forma pauperis* is granted.

It further is RECOMMENDED that the complaint be construed as a petition for a writ of habeas corpus and that the action be dismissed pursuant to *Younger*.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 15 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 28, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE